[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant motion for sanctions was filed by the counsel for defendant as a consequence of a series of attempts to schedule a deposition of defendant. CT Page 4684
Defendant's counsel claimed that based on the factual pattern in this case plaintiff's attorney's behavior was purely to harass defense counsel and his client.
The counsel herein had agreed in advance that defendant would be deposed on January 17, 2000, Martin Luther King Day. On January 14, defense counsel, in late afternoon, tel-faxed a request to plaintiff's counsel requesting a continuance and asserting that if he did not hear from plaintiff's counsel by January 16 (a Sunday) he, defense counsel, would assume the deposition would not proceed.
Plaintiff's attorney by pure chance arrived in his office Saturday, discovered the message, faxed a return message to defense counsel indicating he (plaintiff's counsel) expected defendant to appear and the deposition to go forward on January 17, 2000, at 10:00 a.m. On Monday the defense counsel faxed to plaintiff's counsel a motion for protective order dated January 17, 2000. Within the hour plaintiff's counsel had faxed a notice of discontinuance/cancellation of deposition.
In the meantime, the defense counsel had traveled to New Britain and arriving at 11:15 a.m. discovered the deposition had been canceled in light of the filing of the protective order.
The court finds that resort to the message traffic over a three-day holiday weekend created the confusion in the case.
The court finds that none of the acts complained of rise to the level of intentional harassment.
Motion for Sanctions is denied.
 ___________________ Hon. Andre M. Kocay, J.